UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW HECTOR<br><br>Plaintiff,<br><br>v.<br><br>UNIFIN, INC.,<br><br>Defendant. | CIVIL ACTION 1:15-cv-03979<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR RELIEF PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, MATTHEW HECTOR ("Hector"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, UNIFIN, INC. ("Unifin"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act 47 U.S.C. §227(b)(3)(C) ("TCPA") and the Illinois Eavesdropping Act, 720 ILCS 5/14-1, et. seq. ("IEA").

## JURISDICTION AND VENUE

2. This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k, 28 U.S.C. §§ 1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391; Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person who resides within the Northern District of Illinois. Plaintiff is a "consumer," as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to the action, Defendant Unifin is a debt collector with offices at 8930 Gross Point Road, LL-3, Skokie, Illinois 60077.

6. Unifin is a "debt collector," as defined by the FDCPA, U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

7. On March 6, 2015, Jonathan, an employee of Unifin called Hector's cellular telephone, asking to speak to Hector's spouse.

8. Hector informed Jonathan that he had the wrong number. Jonathan then verified Hector's name and the last four numbers of his social security number.

9. Jonathan then began to explain that he was calling about an old debt that Hector allegedly incurred while living at an apartment complex in Aurora, Illinois.

10. Jonathan did not identify the entity he was calling from (Unifin) until Hector specifically asked him.

11. Jonathan asked if Hector was able to make a payment on the alleged debt.

12. Hector informed Jonathan that he thought he had paid the alleged debt years ago, but did not have any proof of payment handy.

13. Hector requested that Jonathan verify the debt. Jonathan provided Hector with the name of the apartment complex, Chesapeake Landing, but not the name of the creditor, which would have been AimCo, the company that owned the complex when Hector resided there.

14. Hector provided Jonathan with his email address and requested that verification of the debt be sent to that address.

15. Jonathan told Hector that he could offer him a deal on a full payoff of the alleged debt; Hector restated his belief that he'd already paid the alleged debt.

16. Jonathan then proceeded to tell Hector that if he did not make a payment, Unifin would "verify [his] employment."

17. Hector asked what "verify your employment" meant. Jonathan stated, "It is a consequence of not paying your debts."

18. Hector repeated his question.

19. At that point Jonathan informed Hector that Unifin was a debt collector and that any information obtained from Hector could be used in furtherance of Unifin's debt collection efforts.

20. At no point during the call prior to that moment had Jonathan informed Hector that Unifin was a debt collector or that any information obtained during the call could be used to collect a debt.

21. Hector continued to question Jonathan about what employment verification means.

22. Jonathan then passed the call to his manager, Tom.

23. Hector asked Tom if he was being threatened.

24. Tom stated that Hector was reading too much into the statement and that it was just Hector's interpretation.

3

25. Hector kept questioning Tom. Tom refused to continue the conversation.

26. Hector ended the call.

27. Upon information and belief, the March 6, 2015 call was being recorded by Unifin.

28. Hector was never told that the March 6, 2015 call was being recorded.

29. Upon information and belief, the March 6, 2015 call was made with a predictive dialing system.

30. On April 28, 2015, Hector received another call to his cellular telephone from Unifin.

31. Hector had to say, "Hello," three times before the caller came on the line.

32. The caller, who did not identify himself, verified Hector's name and the last four digits of his social security number.

33. The caller informed Hector that he was calling about a debt owed to an apartment complex called Chesapeake Landing.

34. Upon information and belief, the April 28, 2015 call was being recorded by Unifin.

35. The caller did not inform Hector that the call was being recorded.

36. The caller did not inform Hector that the call was from a debt collector and that any information obtained would be used in furtherance of collecting a debt.

37. Hector informed the caller that he was working and ended the call.

38. Upon information and belief the April 28, 2015 call was made with a predictive dialing system.

39. Hector never gave Unifin permission to call him on his cellular telephone

### COUNT I -- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Hector repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors," in response to Congressional findings of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §§1692(a) & (e).

42. Unifin violated 15 U.S.C. §1692d(6) by failing to provide meaningful disclosure of its identity. Hector had to request that Unifin's representative identify the company before such disclosure was made.

43. Unifin violated 15 U.S.C. §1692e(4) by stating that it would "verify [his] employment" as a "consequence of not paying [his] debts." This statement implies that failure to pay will result in the garnishment of wages. At the time of the filing of this lawsuit, Unifin had not filed a lawsuit against Hector, let alone obtained a judgment. This means that Unifin could not have lawfully taken such an action.

44. Unifin violated 15 U.S.C. §1692e(5) by threatening to "verify [his] employment" as a "consequence of not paying [his] debts." This statement implies that failure to pay will result in the garnishment of wages. At the time of the filing of this lawsuit, Unifin had not filed a lawsuit against Hector, let alone obtained a judgment. This means that Unifin could not have lawfully taken such an action.

45. Unifin violated 15 U.S.C. §1692e(11) by failing to inform Hector that Unifin was attempting to collect a debt and that any information obtained will be used for that purpose on both March 6, 2015 and April 28, 2015.

46. As a result of the above violations of the FDCPA, Hector is entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, MATTHEW HECTOR respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff statutory damages of $1000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

47. Hector restates and realleges paragraphs 1 through 39 as though fully set forth herein.

48. Unifin placed at least three calls to Hector's cellular telephone using a predictive dialer or automatic telephone dialing system ("ATDS").[1]

49. Unifin did not have Hector's express written consent to call his cellular telephone using an ATDS.

50. The TCPA prohibits calling persons on their cell phones using an ATDS. 47 U.S.C. §227(b)(1)(A)(iii).

51. As pled in paragraphs 7-39 above, Hector was harmed by Unifin's collection calls to his cellular telephone, incurring fees associated with the use of his cellular service.

52. Pursuant to 47 U.S.C. §227(b)(3)(B), Unifin is liable to Hector for at least $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Unifins's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Hector is entitled under 47 U.S.C. §227(b)(3)(C).

---

[1] Upon information and belief, Unifin placed other calls to Hector's cell phone which he did not answer.

WHEREFORE, Plaintiff, MATTHEW HECTOR respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Hector damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

c. awarding Hector treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

d. awarding any other relief as this Honorable Court deems just and appropriate.

COUNT III -- VIOLATION OF THE ILLINOIS EAVESDROPPING ACT

52. Hector restates and realleges paragraphs 1 through 39 above as if fully repled herein.

53. Unifin recorded both the March 6, 2015 and April 28, 2015 telephone calls with Hector.

54. Unifin never informed Hector that the March 6, 2015 and April 28, 2015 telephone calls were being recorded.

55. 720 ILCS 5/14-2(a)(2) states that a person commits eavesdropping when it knowingly and intentionally "Uses an eavesdropping device, in a surreptitious manner, for the purpose of transmitting or recording all or any part of any private conversation to which he or she is a party unless he or she does so with the consent of all other parties to the private conversation."

56. Unifin recorded the March 6, 2015 and April 28, 2015 phone calls with Hector without informing him that the calls were being recorded and without receiving his consent.

57. Unifin recorded the March 6, 2015 and April 28, 2015 phone calls with an eavesdropping device as defined by the IEA, 720 ILCS 5/14-1(a).

58. Pursuant to 720 ILCS 5/14-6(1)(b) and (c), Unifin is liable to Hector for his actual damages and for punitive damages as a result of its breach of the IEA.

59. Hector suffered actual damages because he incurred costs in the use of his cellular telephone, and because Unifin's actions inherently violated Hector's privacy rights under both the Illinois and United States Constitutions.

WHEREFORE, Plaintiff, MATTHEW HECTOR respectfully requests that this Honorable Court enter judgment in his favor as follows:

e. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

f. awarding Hector his actual damages, in an amount to be determined at trial pursuant to 720 ILCS 5/14-6(1)(b);

g. awarding Hector punitive damages, in an amount to be determined at trial pursuant to 720 ILCS 5/14-6(1)(c); and

h. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 5, 2015
Respectfully Submitted,

/s/ Daniel J. McGarry
Daniel J. McGarry ARDC#6309647
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188